UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DEBORAH HOLMES                                                                                              PLAINTIFF

v.                                              2:20-CV-02060

THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA and BEKAERT CORPORATION                                          DEFENDANTS

**OPINION AND ORDER**

This is an ERISA case in which Plaintiff appeals the denial of her claim for long-term disability benefits under the terms of an employee benefit plan. Before the Court are Defendant Prudential Insurance Company's motion (Doc. 18) for judgment on the pleadings and brief (Doc. 19) in support, in which Defendant Bekaert Corporation joins (Doc. 20), and Defendant Bekaert Corporation's motion (Doc. 21) for judgment on the pleadings and brief (Doc. 22) in support, in which Defendant Prudential Insurance Company of America joins (Doc. 23). Because evidence outside the pleadings was appended to Prudential's motion, the Court entered an order (Doc. 24) converting the motions into motions for summary judgment and giving Plaintiff a deadline of June 26, 2020 to file a response. No response has been filed. The motions will be granted.

Plaintiff was previously employed by Defendant Bekaert Corporation. Following a workers' compensation suit, Bekaert agreed to pay Plaintiff a settlement amount. In addition, Plaintiff's employment with Bekaert ceased, and Bekaert offered her a separation agreement and general release of legal claims in exchange for $250. Plaintiff signed the release, the terms of which advised and encouraged her to consult an attorney before signing, and which affirmatively and explicitly waived any claims she might have against Bekaert arising under ERISA. The separation agreement and general release executed by Plaintiff and Bekaert meets all five elements

1

required for contract formation under Arkansas law. *See Williamson v. Sanofi Winthrop Pharm., Inc.*, 60 S.W.3d 428, 433 (Ark. 2001) ("The essential elements of a contract are (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations.").

"[R]eleases of legal claims in exchange for severance benefits are enforceable under ERISA." *Mead v. Intermec Tech. Corp.*, 271 F.3d 715, 717 (8th Cir. 2001). Assuming Bekaert had a fiduciary duty to Plaintiff when it obtained her release of ERISA claims, before determining whether the release is effective, the Court must consider the totality of the circumstances involved here, including:

> (1) [Plaintiff's] education and business experience; (2) [Plaintiff's] input in negotiating the terms of the settlement; (3) the clarity of the release language; (4) the amount of time [Plaintiff] had for deliberation before signing the release; (5) whether [Plaintiff] read the release and considered its terms before signing it; (6) whether [Plaintiff] knew of [her] rights under the plan and the relevant facts when [she] signed the release; (7) whether [Plaintiff] was given an opportunity to consult with an attorney before signing the release; (8) whether [Plaintiff] received adequate consideration for the release; and (9) whether [Plaintiff's] release was induced by improper conduct on [Defendant's] part.

*Leavitt v. NW Bell Tel. Co.*, 921 F.2d 160, 162 (8th Cir. 1990) (evaluating ERISA release guided by principles of trust law). Although the record does not include detailed evidence with respect to every one of these factors, it is clear that the circumstances in this case support a finding that the release is enforceable. Plaintiff was presented with a straightforward release that explicitly referred to ERISA rights as among those claims being released, and that encouraged her to consult with an attorney before signing. Plaintiff was allowed a substantial amount of time to do so (during which she also could have reviewed the ERISA plan at issue). Plaintiff was given a small amount for release of claims, but this was in addition to a settlement amount for a workers' compensation injury—that injury being fairly compensated, it is not clear that $250 was too little for a release of

some other hypothetical claim. Plaintiff was permitted a "cooling off" period following her signature during which she could withdraw her signature. There is no evidence of overreach or improper conduct by Bekaert.

The release appearing valid and enforceable, summary judgment must be entered in Bekaert's favor.

Defendant Prudential Insurance Company of America[1] was the claims administrator of a long-term disability plan sponsored by Defendant Bekaert Corporation. Plaintiff applied for benefits during her employment with Bekaert, and was initially approved. On October 26, 2018, Prudential informed Plaintiff by denial letter that it was terminating her claim for benefits effective April 1, 2018. The denial letter specifically informed Plaintiff of the long-term disability plan's requirement that she appeal the adverse determination within 180 days. Though Plaintiff's complaint offers conclusory allegations that she appealed denial of her benefits, Prudential has submitted unchallenged evidence that Plaintiff did not do so. "Where a claimant fails to pursue and exhaust administrative remedies that are clearly required under a particular ERISA plan, his claim for relief is barred." *Chorosevic v. MetLife Choices*, 600 F.3d 934, 942 (8th Cir. 2010) (quoting *Layes v. Mead Corp.*, 132 F.3d 1246, 1252 (8th Cir. 1998)).

Plaintiff failed to pursue and exhaust her administrative remedies. Her claim against Prudential is barred, and summary judgment must be entered in Prudential's favor.

IT IS THEREFORE ORDERED that Defendants' motions (Docs. 18 and 21) are GRANTED and this case is DISMISSED WITH PREJUDICE. The Clerk is directed to amend

---

[1] Defendant's briefing clarifies that its proper name is "The Prudential Insurance Company of America." Although this opinion and order, and the judgment that will follow, will end this case, the Court will direct the Clerk to amend the docket sheet to correctly display Defendant's name.

3

the docket to correct Defendant Prudential Insurance Company of America's name by changing it to "The Prudential Insurance Company of America." Judgment will be entered separately.

    IT IS SO ORDERED this 8th day of July, 2020.

                                      /s/ P. K. Holmes, III
                                      P.K. HOLMES, III
                                      U.S. DISTRICT JUDGE